In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-2837

GAYLE SCHOR, KRISTINE MULCAHY, and ANGELA SHUE,

*Plaintiffs-Appellant*s,

*v.*

CITY OF CHICAGO, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 C 7119—**Ruben Castillo**, *Judge.*

ARGUED APRIL 9, 2009—DECIDED AUGUST 13, 2009

Before MANION, ROVNER, and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* Gayle Schor, Kristine Mulcahy, and Angela Shue (collectively, the "plaintiffs") brought this suit in the district court as a class action, challenging the constitutionality of a Chicago municipal ordinance that prohibits the use of wireless telephones without a "hands-free" device while driving a motor vehicle. See MUNICIPAL CODE OF CHICAGO, ILL. § 9-76-230 (the "Ordi-

nance"). The case was nipped in the bud by the district court with a dismissal for failure to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). The district court also denied the plaintiffs' request for leave to amend their complaint on the basis that any amendment would be frivolous. See FED. R. CIV. P. 15(a). The district court was right: this case has no legs whatever. We therefore affirm the judgment.

**I**

On July 8, 2005, the Ordinance went into effect, 30 days after its passage and publication. (The Ordinance was originally codified at MUNICIPAL CODE OF CHICAGO, ILL. § 9-40-260. On November 5, 2008, after the plaintiffs filed their brief in this court but before oral argument, the Ordinance was recodified as we refer to it above. The recodification makes clear that a violation of the Ordinance is an "equipment violation," and not a "moving violation.") The Ordinance stipulates that no person is to drive a vehicle while using a mobile, cellular, analog wireless or digital telephone, with four exceptions: (1) when the person is an on-duty law enforcement officer or operator of an emergency vehicle, (2) when the person uses a "hands-free" device, (3) in the event of an emergency, or (4) when the motor vehicle is in a stationary position and not in gear. Amendments to the Ordinance in November 2008 clarify that the "use" of a mobile device includes: "(1) talking or listening to another person on the telephone; (2) text messaging; (3) sending, reading or listening to an electronic message; or (4) browsing the

internet . . . ." MUNICIPAL CODE OF CHICAGO, ILL. § 9-76-230(a).

Schor, Mulcahy, and Shue were all ticketed by Chicago police officers for violating the Ordinance—Schor on March 4, 2006, Mulcahy on November 25, 2007, and Shue in November 2007. Both Schor and Shue appeared in person to contest their citations, and in both instances the citation was dismissed. Mulcahy paid the $75 fine. On December 19, 2007, the plaintiffs filed this action on behalf of themselves and others similarly situated. They allege that they were subjected to an arrest in violation of the Fourth Amendment to the Constitution and in violation of Illinois law, that enforcement of the Ordinance violates the Equal Protection Clause of the Fourteenth Amendment, that Mayor Richard Daley of Chicago personally violated their rights when he allowed the City to maintain a policy of false arrest, that the City of Chicago maintained policies or customs that violated their constitutional rights, that the City is liable for violations committed by the defendant officers and Mayor Richard Daley under common law and state law *respondeat superior* theories, and that City officials are liable to them under state-law theories of false arrest and malicious prosecution. The plaintiffs also ask for declaratory and injunctive relief under federal and state law.

The district court dismissed all of the plaintiffs' claims and rejected their motion to amend their first amended complaint to add two additional challenges to the constitutionality of the Ordinance (that the Ordinance was inconsistent with their constitutional right to travel and that it was void for vagueness). We affirm.

**II**

We note at the outset that the City defendants have not raised the defense of claim preclusion. They might have done so, since it seems that the plaintiffs had an opportunity to present their arguments in the administrative process (including an appeal to the state court). See *Idris v. City of Chicago*, 552 F.3d 564, 565 (7th Cir. 2009). But this defense can be forfeited, and was so here. We thus turn directly to the plaintiffs' claims on appeal. The plaintiffs make two arguments: first, that the district court erred in holding that their complaint failed to state a claim; and second, that the district court erred by not permitting them to amend their complaint.

A. Dismissal of Plaintiffs' Complaint

We review a district court's dismissal of a complaint for failure to state a claim under Rule 12(b)(6) *de novo*, accepting as true all of the factual allegations contained in the complaint. *Segal v. Geisha NYC LLC*, 517 F.3d 501, 504 (7th Cir. 2008). We address the plaintiffs' particular arguments in turn.

1. *Fourth Amendment Claim*: The plaintiffs first assert that their Fourth Amendment right to be free from an unreasonable seizure was violated when they were "pulled over by a police officer pursuant to a traffic stop [and] seized . . . ." In their view, the police officers lacked probable cause to stop them because "the cell phone ordinance is not, and never was, effective under Illinois law." Their analysis is flawed. As they recognize

implicitly, the Fourth Amendment is not violated if a police officer has probable cause for a traffic stop. See, *e.g.*, *Williams v. Rodriguez*, 509 F.3d 392, 398-400 (7th Cir. 2007). If the police officer has an objectively reasonable basis to believe that a traffic law has been violated, then he or she has probable cause to make a traffic stop. *United States v. Hernandez-Rivas*, 513 F.3d 753, 758-59 (7th Cir. 2008). Here, the record indicates that the police officers observed the plaintiffs violating the Ordinance by using their mobile phones without a hands-free device. This violation of a valid traffic law provided probable cause for the officers to stop them. The plaintiffs have not explained why the City of Chicago had no authority to enact legislation designed to protect the safety of its roads in this way, nor can we think of any restriction on its powers under either federal or state law that is so obvious we would need to take note of it here. The district court correctly dismissed the plaintiffs' Fourth Amendment claim.

2. *Equal Protection Claim*: The plaintiffs also argue that the City defendants violated their Fourteenth Amendment right to equal protection of the law. The plaintiffs base this claim on the so-called "class of one" equal protection theory. As they see it, when they were pulled over by Chicago police officers, they were treated differently (that is, they were ticketed) from others similarly situated (that is, others who engaged in unspecified legal acts while driving).

To allege a "class of one" claim, the plaintiffs need to show (1) that they were intentionally treated differently

from others similarly situated, and (2) that there was no rational basis for that differential treatment, or that the differential treatment was the result of an illegitimate animus toward the plaintiffs by the defendants. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *McDonald v. Village of Winnetka*, 371 F.3d 992, 1001-02 (7th Cir. 2004); see also *Engquist v. Oregon Dept. of Agric.*, 128 S. Ct. 2146 (2008) (holding that class-of-one theory does not apply to public employment cases). Here, while it is clear that the plaintiffs were treated differently from other motorists, it is equally clear that the plaintiffs were differently situated given that they were violating a valid ordinance. The enforcing officers did not need an *ex ante* constitutional ruling on the Ordinance before they were entitled to enforce it. The distinction between the plaintiffs and those who were not ticketed was rational, and so the district court did not err in dismissing the plaintiffs' equal protection claim.

3. *City Liability for Constitutional Violations*: Next, the plaintiffs allege that the City's policies or customs violated their constitutional rights. See *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690-91 (1978). Though *Monell* held that *respondeat superior* is not a ground for municipal liability under § 1983, it recognized the possibility of a direct claim against a municipality, based on a policy or custom of the municipality that violates the plaintiff's constitutional rights. In order to support such a claim, however, the plaintiff must begin by showing an underlying constitutional violation, in order to move forward with her claim against the municipality. Because we have concluded that these plaintiffs

have not alleged any plausible constitutional violation committed by Mayor Daley or the officers, it follows that there is no wrongful conduct that might become the basis for holding the City liable. See *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002).

4. *Illinois Vehicle Code*: The plaintiffs finally contend that Chapter 11 of the Illinois Vehicle Code requires a municipality to post signs notifying drivers about ordinances such as Chicago's cell-phone Ordinance that apply only within a particular municipality. The merits of this claim are not properly before this court. A district court may decline to exercise supplemental jurisdiction over a state-law claim when it has dismissed all federal claims before trial. See 28 U.S.C. § 1367(c)(3); *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). This is precisely what happened in this case. Indeed, plaintiffs do not allege that the district court abused its discretion by refusing to exercise supplemental jurisdiction over this claim, nor do we detect any such abuse. See *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906 (7th Cir. 2007).

## B. Denial of Leave to Amend

The plaintiffs also argue that the district court erred in denying them leave to amend their complaint to add two additional theories showing why (in their view) the Ordinance is unconstitutional. FED. R. CIV. P. 15(a). We review a district court's denial of leave to amend for abuse of discretion and reverse only if no reasonable

person could agree with that decision. *Lyerla v. AMCO Ins. Co.,* 536 F.3d 684, 694 (7th Cir. 2008). The first theory was that the Ordinance violated their constitutional right to travel; the second was that it is void for vagueness. In denying leave to amend, the district court relied on both the untimeliness of the motion and the futility of any amendment. Neither of those rulings was an abuse of discretion, as we explain briefly.

1. *Fundamental Right to Travel*: The plaintiffs assert that the Ordinance "unduly burdens" their right to travel by subjecting them to "seizures and fines without proper notice" and by using allegedly conflicting signage with respect to cell phone usage. The constitutional right to travel has been understood as one of the rights implicit in the Due Process Clauses of the Fifth and Fourteenth Amendments. The Supreme Court has expressly left open the question whether intrastate travel is protected. *Memorial Hospital v. Maricopa County*, 415 U.S. 250, 255-56 (1974). While other courts of appeals have held that there exists a fundamental right to both inter- and intra-state travel, this court has yet to decide this question. See *Doe v. City of Lafayette,* 377 F.3d 757, 770 (7th Cir. 2004) (*en banc*); see also *Johnson v. City of Cincinnati*, 310 F.3d 484, 498 (6th Cir. 2002) (holding that the Constitution protects a right to intrastate travel); *Ramos v. Town of Vernon*, 353 F.3d 171, 176 (2d Cir. 2003) (recognizing a right to intrastate travel). This is not the case where we must confront that question, however, because the plaintiffs have not demonstrated why the Ordinance infringes any such right.

The plaintiffs say that the Ordinance infringes their right to travel because it requires motorists to be "aware of a local ordinance inconsistent with ordinances of neighboring municipalities," and because roadside signs directing motorists to dial *999 in emergencies "induce motorists driving in Chicago to believe that they may use their mobile telephones while driving." What this has to do with anyone's right to travel escapes us. Different jurisdictions often proscribe different types of conduct, and persons entering any specific place do so at their peril—or, to put it more mildly, do so knowing that they are obliged to inform themselves about any relevant rules of the road. The Chicago Ordinance does not ban anyone's travel. It simply regulates the act of driving a motor vehicle, in the same way that a licensing system or vehicle registration system does, to name two examples. Indeed, if the plaintiffs want or need to travel while using their cell phone, alternate travel options exist, such as a bus or a taxi. Given that the plaintiffs have not demonstrated how the Ordinance could plausibly infringe any right to travel, the district court did not abuse its discretion in denying them leave to amend their complaint to add this claim.

2. *Vagueness*: The plaintiffs also claim that the district court abused its discretion by denying them leave to amend their complaint to add a claim that the Ordinance is void for vagueness. The plaintiffs maintain that there are too many possible meanings of the terms "use" and "hands-free" in the Ordinance for an ordinary person to understand what is required of them. But in order to state a vagueness claim, the plaintiffs must show

that the rule is unconstitutional in all its applications. *Koutnik v. Brown,* 456 F.3d 777, 783 (7th Cir. 2006). "A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Fuller ex. rel. Fuller v. Decatur Public Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001) (internal quotation marks omitted). The plaintiffs admit to "using" a cell phone without a "hands-free" device; they further admit that the Ordinance applies to such conduct. In today's world, it is impossible to take seriously the argument that Chicago's Ordinance is so vague that no ordinary person could understand it; the plaintiffs themselves understood that they were engaged in conduct proscribed by the Ordinance. Thus, the district court deprived the plaintiffs of nothing valuable when it refused to permit this amendment.

\* \* \*

The judgment of the district court is AFFIRMED.