In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-1865

MARIA AVILA,

*Plaintiff-Appellant*,

*v.*

MARIA PAPPAS, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 C 2947—**Joan Humphrey Lefkow**, *Judge*.

ARGUED NOVEMBER 3, 2009—DECIDED JANUARY 4, 2010

Before EASTERBROOK, *Chief Judge*, and WOOD and
TINDER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Shortly before the date of
her disciplinary hearing at the Cook County Treasurer's
Office, Maria Avila told a friend (and co-worker) that she
could "go postal"; she advised the friend to duck. Con-
cerned that Avila might be serious, the friend told her
superiors. Police attended the hearing, and the implied
threat became another ground of discipline. Avila was

fired and criminally prosecuted. Illinois law treats as a felony a threat against a public official; otherwise a threat is a misdemeanor. Compare 720 ILCS 5/12-9 with 720 ILCS 5/12-2(a)(10). The State's Attorney of Cook County charged Avila with a felony, on the ground that Michael Shine, one of three persons Avila had mentioned as potential targets, was a public official because the Treasurer had appointed him to an office created by statute. See 720 ILCS 5/12-9(b)(1). Avila was acquitted at a bench trial after the state judge concluded that Shine was not a public official under §5/12-9(b)(1).

Avila then filed this federal suit under 42 U.S.C. §1983. She contends that the Treasurer and her staff violated the Constitution by persuading the State's Attorney to commence the prosecution. Avila calls this persuasion malicious prosecution and contends that it is both unconstitutional and tortious. The state tort claim depends on the supplemental jurisdiction, see 28 U.S.C. §1367, because all parties are citizens of Illinois. The district judge rejected the federal-law theories and, instead of relinquishing jurisdiction over the state-law theories, resolved them on the merits in defendants' favor. 2009 U.S. Dist. LEXIS 16276 (N.D. Ill. Mar. 3, 2009). Avila's appeal raises only state law; the constitutional theories have vanished from the case, as far as the parties are concerned.

Judges cannot disregard the constitutional theories so easily, however; subject-matter jurisdiction depends on them. The first question in every case is whether the court has jurisdiction. It not enough to utter the word "Constitution" and then present a claim that rests on state

law. If it were, every claim that a state employee committed a tort, or broke a contract, could be litigated in federal court. It is therefore essential that the federal claim have some substance—that it be more than a pretext to evade the rule that citizens of a single state must litigate their state-law disputes in state court. When the federal theories are insubstantial in the sense that "prior decisions inescapably render the claims frivolous", there is no federal jurisdiction. *Hagans v. Lavine*, 415 U.S. 528, 538 (1974). See also, e.g., *Jogi v. Voges*, 480 F.3d 822, 825–26 (7th Cir. 2007); *Crowley Cutlery Co. v. United States*, 849 F.2d 273 (7th Cir. 1988).

Prior decisions inescapably render Avila's federal theories frivolous. *Albright v. Oliver*, 510 U.S. 266 (1994), holds that malicious prosecution does not violate the Constitution's due process clauses. There might be a problem under the fourth amendment if a person is arrested without probable cause, but when the suit is directed against the prosecution itself, rather than any attendant custody, there is no constitutional wrong. Because *Albright* produced a plurality opinion plus concurrences, there is some difficulty in understanding its upshot. But we concluded in *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001), that the holding is as we have just stated, provided that state law recognizes malicious prosecution as a tort—which Illinois does. See also *Johnson v. Saville*, 575 F.3d 656, 663–64 (7th Cir. 2009); *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003).

This suit runs smack into *Albright* and *Newsome*. Avila articulates four federal-law theories. The assertion that

the prosecution violated principles of substantive due process is refuted by *Albright* and *Newsome*, as well as the rule that substantive due process deals with violations of fundamental rights only. See *Washington v. Glucksberg*, 521 U.S. 702, 719–21 (1997). No court has held that the expense of retaining a criminal-defense lawyer infringes a "fundamental" right to put the money to other ends, and the defamatory content of a criminal charge does not concern any federal interest, because reputation is neither "liberty" nor "property" for constitutional purposes. See *Paul v. Davis*, 424 U.S. 693 (1976); *Codd v. Velger*, 429 U.S. 624 (1977). The right to defend oneself in the state prosecution, and to advance a tort claim in state court, is all the process due for an unsupported or maliciously pursued criminal charge.

Avila's second and third federal theories are that the defendants conspired to violate the due process clause and failed to train their subordinates to avoid such violations; as malicious prosecution does not violate the due process clause, there is nothing wrong with an agreement among the defendants and no constitutional need for more training. See *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000) (one cannot violate the Constitution by conspiring to commit acts that don't violate the Constitution); *Houskins v. Sheahan*, 549 F.3d 480, 493–94 (7th Cir. 2008) (no liability for poor training or negligent supervision unless there has been an underlying violation by the poorly trained or supervised state actor); *Tesch v. County of Green Lake*, 157 F.3d 465, 477 (7th Cir. 1998) (same).

The fourth theory is that the defendants violated the equal protection clause by persuading the prosecutor to bring charges. *Engquist v. Oregon Department of Agriculture*, 128 S. Ct. 2146 (2008), shows that this theory is a bad one; it holds that disputes related to a public employee's interactions with superiors or co-workers *never* may be litigated as class-of-one claims under the equal protection clause. *Engquist* adds that class-of-one claims cannot rest on governmental activity that is discretionary by design, *id*. at 2154, a good description of prosecutorial selectivity in criminal law. Because this suit began before *Engquist* was issued, however, we do not rely on it; federal jurisdiction does not disappear if a decision released while the suit is pending shows that the plaintiff cannot prevail.

Still, even before *Engquist* Avila had to show that the defendants lacked a rational basis for their actions. See *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000). Avila never had the tiniest chance of demonstrating the absence of a rational basis, making her claim insubstantial when filed.

Defendants did not pick Avila's name out of a hat. They asked the State's Attorney to prosecute her because she told a friend that she could "go postal"—in other words, commit mayhem—at her disciplinary hearing. Avila has never denied making that statement. Although she does contend that she was joking, the statement supplies probable cause for a criminal prosecution. Probable cause is a rational basis for official action. See *Schor v. Chicago*, 576 F.3d 775, 778–79 (7th Cir. 2009). The only

question is whether the prosecution should have been for a misdemeanor (as Avila believed and a state judge eventually concluded) rather than a felony. Choosing the wrong state statute on which to base a prosecution—when there is a rational basis for *some* prosecution—does not violate the equal protection clause or any other part of the federal Constitution. Errors of state law are just that: errors of state law. There is a gulf between such an error and a violation of the federal Constitution. See, e.g., *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Archie v. Racine*, 847 F.2d 1211, 1216–18 (7th Cir. 1988) (en banc); *Gordon v. Degelmann*, 29 F.3d 295, 300 (7th Cir. 1994).

This suit has no business in federal court. A veneer of constitutional phraseology on top of a state tort claim cannot justify its adjudication in federal court. The judgment of the district court is vacated, and the case is remanded with instructions to dismiss for lack of subject-matter jurisdiction.