NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2014[*]
Decided February 13, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-2538

| | |
|---|---|
| ELIZABETH J. OLSON and EDWARD E. OLSON, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiffs-Appellants,* | |
| *v.* | No. 12 C 7232 |
| CITY OF CHICAGO, | Charles R. Norgle, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Elizabeth and Edward Olson challenge the dismissal of their civil-rights lawsuit against the City of Chicago, maintaining that the City violated their constitutional rights by issuing a permit that allowed their neighbor to build a fence on a disputed property line. *See* 42 U.S.C. § 1983. The district court concluded that the action fell outside the

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

applicable two-year statute of limitations because the Olsons sued four years after the fence was erected. We affirm.

According to the Olsons' complaint and attached documents, the Olsons and their next-door neighbor share a narrow walkway between their properties that allows the Olsons to access the side of their house and their backyard. They lost this access in 2008 after their neighbor erected a 6-foot-tall fence down the length of the walkway, leaving the Olsons with a foot-wide gap between the fence and their house. The Olsons called the police, who said they could not stop the construction because the neighbor had a valid building permit. The Olsons turned next to officials at the City's Department of Buildings and were told that the City did not intervene in property disputes. When the City of Chicago refused to intervene, the Olsons went to state court. Since 2010 the Olsons have been litigating with their neighbor over whether the fence is on their side of the property line. They are scheduled to go to trial in March 2014. *Olson v. Barbara*, No. 2010-CH-34581 (Cook County Ct., Ch. Div. Nov. 4, 2013).

Meanwhile the Olsons sued the City of Chicago in 2012, alleging that the City deprived them of the use of their property and violated their rights to due process and equal protection by issuing their neighbor a building permit for the fence, refusing to intervene in the property dispute, and unequally enforcing the City's building code. They pointed to their multiple citations for building-code violations (most recently in 2010 for not registering a vacant building) and asserted that their neighbor's violations had gone unpunished (such as having four units in a building zoned for three).

The district court agreed with the City that any § 1983 claim accrued in 2008 when the fence was built and dismissed the suit as untimely under the relevant two-year statute of limitations. The court also declined to exercise supplemental jurisdiction over a state-law claim concerning a *lis pendens* on the property.

On appeal the Olsons assert that the district court wrongly dismissed their case on timeliness grounds, maintaining that the fence represents a "continuing violation" because it continues to impede access to the side of their house. But this doctrine does not save the Olsons' claims. As the district court explained, the Olsons were aware of their injury as soon as the fence was erected and the statute of limitations is measured based on the timing of the injury, not the length of its lingering effects. *See United States v. Midwest Generation, LLC*, 720 F.3d 644, 646–48 (7th Cir. 2013); *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 801–02 (7th Cir. 2008). The only action that city officials took concerning the fence—issuing a building permit—occurred in 2008. Therefore the

court properly concluded that the Olsons' § 1983 challenge to the fence's construction was barred by Illinois's two-year statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Ray v. Maher*, 662 F.3d 770, 772–73 (7th Cir. 2011).

Timeliness aside, the Olsons have not stated a constitutional claim against the City of Chicago. Though they interpret the City's ordinances as requiring them to leave the building vacant, they do not have a due-process claim because they do not allege that the City ever deprived them of use of their property without notice and a hearing. *See Goros v. Cnty. of Cook*, 489 F.3d 857, 860 (7th Cir. 2007); *Baerwald v. City of Milwaukee*, 131 F.3d 681, 682–83 (7th Cir. 1997). And a "class of one" equal protection claim would, at a minimum, require factual allegations that the City intentionally and for no rational reason treated the Olsons differently from others situated similarly to them. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 565 (2000); *Williamson v. Curran*, 714 F.3d 432, 448–49 (7th Cir. 2013); *see also Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887 (7th Cir. 2012) (en banc) (5–5 division resulting in no controlling opinion). Here the building permits attached to the complaint show that the City allowed both sides to erect fences on their property (a 60-foot-long fence for the Olsons and a 70-foot fence for their neighbor), treating them equally to the extent that each claimed to own the walkway. Similarly, city officials cited the Olsons for violating certain ordinances, cited their neighbor for violating a different one, and cited both when they violated the same ordinance. The Olsons do not assert that any of these citations were baseless, so their allegations do not suggest animus or irrationality. *See Geinosky v. City of Chicago*, 675 F.3d 743, 749 (7th Cir. 2012); *Schor v. City of Chicago*, 576 F.3d 775, 779 (7th Cir. 2009); *see also Shanks v. Dressel*, 540 F.3d 1082, 1088 (9th Cir. 2008) ("The conduct [that the plaintiff] alleges—a routine, even if perhaps unwise or legally erroneous, executive decision to grant a third-party a building permit—falls short of being constitutionally arbitrary.").

Because the district court properly dismissed the Olsons' federal claims, the court was free to relinquish supplemental jurisdiction over their state-law claim. *See* 28 U.S.C. § 1367(c)(3); *Harvey v. Town of Merrillville*, 649 F.3d 526, 532–33 (7th Cir. 2011); *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008).

We have reviewed the Olsons' remaining assertions, and none has merit.

AFFIRMED.