NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 30, 2015[*]
Decided April 8, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 14-2952

| | |
|---|---|
| CRAIG ISAM RIDDLE, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 14-3019 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, et al., <br>     *Defendants-Appellees*. | Colin S. Bruce, <br> *Judge*. |

**O R D E R**

After Craig Riddle and his wife defaulted on their home mortgage, the lender foreclosed, the house was sold at an auction, and in 2010 an Illinois circuit court confirmed the sale. The Riddles later asked the circuit court to set aside the foreclosure; the court declined, and that decision was upheld on appeal in late 2012. More than a year later, in January 2014, Craig filed this action. For the most part, he asserts violations of state law. He cannot rely on diversity jurisdiction under 28 U.S.C. § 1332, because both

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

he and several defendants are citizens of Illinois and thus complete diversity is lacking. See *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). But Riddle also claimed, invoking 42 U.S.C. § 1983, that the defendants had engaged in a grand conspiracy to deprive him of property without due process. The district court assumed the existence of a federal claim but found that Riddle's entire suit is barred by the *Rooker-Feldman* doctrine. See *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)*; Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). To a large extent, we agree with that analysis; the only exception relates to one part of the case that is outside the *Rooker-Feldman* ban, but that fails for want of jurisdiction on other grounds. We therefore affirm the district court's judgment.

Riddle's complaint names as a defendant nearly every participant in the foreclosure proceedings: the lender and loan servicers, their lawyers, the process server, the judge who presided over the foreclosure proceedings, the clerk of the circuit court, the company selected to oversee the judicial sale of Riddle's house, and the lawyers Riddle and his wife hired to "undo" the foreclosure. All of the named defendants, says Riddle, conspired to conceal the alleged fact that the couple was not served properly with the foreclosure suit. (Riddle insists that the clerk of the circuit court did not issue the summons until *after* the delivery date shown by the process server.) It follows, Riddle continues, that the circuit court did not have jurisdiction over him because of the defective service of process. He asked for "quiet title" and declaratory relief. As we noted earlier, the Illinois courts were unpersuaded by these arguments. *Deutsche Bank Nat'l Trust Co. v. Riddle*, 2012 IL App (4th) 111064-U.

We are skeptical that Riddle's current lawsuit is substantial enough even to invoke the district court's federal-question jurisdiction (indeed, Riddle's complaint characterizes the alleged Fourteenth Amendment conspiracy as "grandiose"). See *Hagans v. Lavine*, 415 U.S. 528, 537–38 (1974); *Goros v. County of Cook*, 489 F.3d 857, 859–60 (7th Cir. 2007). And if there is no basis for federal jurisdiction over at least one claim, Riddle cannot rely on supplemental jurisdiction. See 28 U.S.C. § 1367; *Avila v. Pappas*, 591 F.3d 552, 555 (7th Cir. 2010); *In re African-Am. Slave Descendants Litig.*, 471 F.3d 754, 757–58 (7th Cir. 2006). In any event, even if we were to hold that Riddle's Fourteenth Amendment claim meets the standard of *Bell v. Hood*, 327 U.S. 678, 682-83 (1946), we agree with the district judge that *Rooker-Feldman* requires the dismissal of most of the case.

Riddle tries to resist this outcome with the argument that the *Rooker-Feldman* doctrine does not apply because the state-court judgment (as he sees it) is not the cause

of his injury. Rather, says Riddle, he was injured when the conspirators deprived him of due process and violated state law by foreclosing on his house knowing that service of process was defective. Yet it was the state-court judgment that *authorized* the foreclosure and subsequent sale of Riddle's house. Riddle's federal lawsuit is thus an attack on that judgment and is barred by the *Rooker-Feldman* doctrine. See *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646–47 (7th Cir. 2011); *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532–33 (7th Cir. 2004).

Riddle's state-law claims against Jennings, Lindsay & Luckman, LLC, the law firm he hired to "undo" the foreclosure, fails for a different reason. It is not barred by the *Rooker-Feldman* doctrine, because he did not hire the firm until *after* the state-court judgment had been entered and his complaint against it involves an injury in the nature of legal malpractice, which is separate from the foreclosure process. The district court lacked jurisdiction over that part of the case, however, because the parties are not diverse and it cannot be saved by supplemental jurisdiction. See *Newman-Green*, 490 U.S. at 829; *In re African-Am. Slave Descendants Litig.*, 471 F.3d at 757–58.

Accordingly, the district court's judgment is AFFIRMED.