┌─────────────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2020[*]
Decided March 27, 2020

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2567

| | |
|---|---|
| JARED STUBBLEFIELD, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 19 C 2715 |
| CLERK OF THE CIRCUIT COURT OF COOK COUNTY, et al., <br> *Defendants-Appellees*. | Matthew F. Kennelly, <br> *Judge*. |

**O R D E R**

Jared Stubblefield sued the Clerk of the Circuit Court of Cook County, the City of Chicago, and the State of Illinois for preventing him from obtaining "attorney's fees" for successfully defending himself against traffic citations in state court. (He later named the police officer who issued the traffic citations as a defendant.) He alleged that the state traffic court violated his right of equal protection by not allowing him to seek

---

[*] The appellees were not served with process and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that this case is appropriate for summary disposition. FED. R. APP. P. 34(a)(2)(C).

$12 million in compensation for his self-representation. After twice dismissing Stubblefield's complaints with leave to amend, the district court dismissed his second amended complaint with prejudice as legally frivolous. We affirm the judgment.

On appeal, Stubblefield does not make any legal argument for disturbing the district court's judgment. But even if we generously construe his pro se appellate brief as arguing that he stated a nonfrivolous claim, he must lose. In his second amended complaint Stubblefield invoked *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and on appeal he invokes 42 U.S.C. § 1983. On the facts alleged, he could not state a plausible claim under either theory. Stubblefield has not sued any individual federal defendants, so *Bivens* does not apply. *See* 403 U.S. at 395; *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). And § 1983 establishes a cause of action only for the deprivation of the "rights, privileges, or immunities secured by the Constitution and laws" of the United States. Stubblefield, however, has no right under the Constitution or other federal law to receive attorney's fees (it is unclear from whom) for defeating his traffic tickets as a pro se litigant. Simply invoking the phraseology of the Constitution in connection with these alleged facts is insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to state a claim pleading must do more than offer "labels and conclusions" or conclusory legal assertions); *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010) (simply uttering the word "Constitution" is insufficient even to establish federal subject-matter jurisdiction). The district court was correct to dismiss this case as lacking in merit.

AFFIRMED