NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 15, 2020
Decided May 11, 2020

**Before**

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-1506

| | |
|---|---|
| VLADIMIR M. GOROKHOVSKY, *et al.*,<br>        *Plaintiffs-Appellants*,<br><br>*v.*<br><br>CITY OF CHICAGO,<br>        *Defendant-Appellee*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 18-cv-02800<br><br>Sharon Johnson Coleman,<br>*Judge*. |

## O R D E R

On April 13, 2018, Vladimir Gorokhovsky, a lawyer from Milwaukee, was having dinner in a Chicago restaurant with M.G., his minor son. While they were in the restaurant the City impounded their vehicle and immobilized it with a wheel clamp (or "boot") to enforce several unpaid tickets. The vehicle was owned by Gorokhovsky Law Office, LLC, of which Gorokhovsky is the sole member. The LLC is a plaintiff in this case along with Gorokhovsky and his son. Gorokhovsky went to a City impound lot with M.G. and paid the fee for the boot and the outstanding tickets. By that time, however, it was after 10 p.m., and a City employee told Gorokhovsky a technician would not be available to remove the boot until 10 a.m. the next morning. As a result,

Gorokhovsky had to pay out of pocket for transportation and a hotel for the night. The plaintiffs allege M.G. was so distressed by these events he cried uncontrollably and became physically ill.

The plaintiffs filed this suit *pro se* in federal court, asserting claims under § 1983 and the Fourteenth Amendment as well as state-law claims. The federal claims are substantive due process claims alleging the City interfered with the plaintiffs' property and bodily security rights by not immediately removing the boot upon payment. The state-law claims allege the City acted negligently, resulting in M.G.'s suffering. The plaintiffs sought compensatory damages for Gorokhovsky's out-of-pocket expenses and M.G.'s suffering as well as punitive damages. The district court dismissed the case with prejudice, holding the plaintiffs each lacked standing. Specifically, the court held Gorokhovsky and M.G. did not have standing because they did not own the vehicle and the LLC did not have standing because it alleged no injury.[1] The plaintiffs appeal.

At the outset, we note some problems with the district court's standing analysis. First, the court treated the issue of whether Gorokhovsky, the sole member of the LLC, had standing to assert the rights of the LLC as a jurisdictional issue. That is incorrect: it is instead an issue of the real party in interest, which is non-jurisdictional. *Knopick v. Jayco, Inc.*, 895 F.3d 525, 529 (7th Cir. 2018); *see also* Fed. R. Civ. P. 17. We "have in the past analyzed the issue as one of prudential standing, which would allow us to exercise discretion over whether to hear the case on the merits," but we have also noted the concept of prudential standing has been called into question by the Supreme Court. *Id.* (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 & n.3 (2014)). Second, as the City concedes on appeal, M.G. did have standing to assert a claim based on the alleged violation of his bodily security even though he did not own the vehicle. He alleges the actions of the City invaded his legally protected interest in bodily security, causing him a concrete and particularized injury that was not merely hypothetical. This, along with the fact that the injury is redressable, suffices to establish constitutional standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Regardless, we affirm the dismissal on alternate grounds. This case fails to raise federal subject matter jurisdiction because the federal claims are wholly insubstantial and frivolous. "When the federal theories are insubstantial in the sense that 'prior decisions inescapably render the claims frivolous,' there is no federal jurisdiction." *Avila*

---

[1] The plaintiffs stated in their response to the motion to dismiss that "all claims asserted by the plaintiffs are arising from [Gorokhovsky's] own pecuniary losses, not from losses sustained by the LLC." (District Court Docket 36 at 8.)

*v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010) (citing *Hagans v. Lavine*, 415 U.S. 528, 538 (1974)). Our prior decisions establish conclusively that a substantive due process claim arising from executive action requires egregious conduct that "shocks the conscience." *See, e.g.*, *Christensen v. Cty. of Boone*, 483 F.3d 454, 464 (7th Cir. 2007) (quoting *Russ v. Watts*, 414 F.3d 783, 789 (7th Cir. 2005)). Indeed, the Supreme Court has stated only "the most egregious" conduct resulting from executive action can rise to a substantive due process violation. *Cty. of Sacremento v. Lewis*, 523 U.S. 833, 846 (1998).

In Count I, the plaintiffs allege the City booted a vehicle to enforce unpaid parking and traffic tickets and then failed to have technicians available to remove the boot after hours. This does not come close to the kind of egregious, conscience-shocking conduct required to support a substantive due process claim. Count II alleges the same conduct caused M.G. severe distress to the point of physical illness. While an "extreme and outrageous" violation of the plaintiff's person committed by a state actor may "rise to the level of a constitutional violation" in some circumstances, *Wudtke v. Davel*, 128 F.3d 1057, 1063 (7th Cir. 1997), the conduct alleged here cannot be called extreme and outrageous. Our cases finding such violations involve much more severe conduct. *See, e.g.*, *Alexander v. DeAngelo*, 329 F.3d 912, 916 (7th Cir. 2003) (holding in the context of physical assault the plaintiff's liberty interest in bodily integrity is infringed only "by a serious, as distinct from nominal or trivial, battery"). Furthermore, the Fourteenth Amendment generally protects only against "*deliberate* action intended to harm." *Bublitz v. Cottey*, 327 F.3d 485, 491 (7th Cir. 2003). The City did not act with the intention of causing injury to M.G., nor could it have reasonably foreseen his injury would result from its decision not to have technicians on call 24/7. "The Constitution prevents fundamental rights from being aimed at; it does not, however, prevent side effects that may occur if the government is aiming at some other objective." *Christensen*, 483 F.3d at 463.

Accordingly, the federal claims are wholly insubstantial and do not support federal jurisdiction. We affirm the district court's dismissal of Counts I and II. Because those federal claims formed the basis for supplemental jurisdiction over the state-law claims in Counts III and IV, we affirm the dismissal of those claims as well. We modify the district court's dismissal to be without prejudice, however, as is proper for a dismissal for lack of jurisdiction. *Lennon v. City of Carmel*, 865 F.3d 503, 509 (7th Cir. 2017).

AFFIRMED