In the

# United States Court of Appeals

## For the Seventh Circuit

No. 01-4199

GENE JENSEN AND KIM STARK, INDIVIDUALLY AND ON
BEHALF OF THEIR INFANT DAUGHTER, KAYLA JENSEN,

*Plaintiffs-Appellants,*

*v.*

SHERREE FOLEY, NORA HARMS, HEATHER FORREST,
ANDREW ROBERSON, AND STEPHANIE MECHELHOFF,
IN THEIR INDIVIDUAL CAPACITIES,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Central District of Illinois, Urbana Division.
No. 01-C-2045 **Michael P. McCuskey**, *Judge*.

ARGUED MAY 23, 2002—DECIDED JULY 8, 2002

Before FLAUM, *Chief Judge*, and BAUER and ROVNER,
*Circuit Judges*.

FLAUM, *Chief Judge*. Agents from the Illinois Department
of Children and Family Services ("DCFS"), along with local
law enforcement officers, took infant Kayla Jensen ("Kayla")
into protective custody without a warrant and without
granting parents Gene Jensen ("Jensen") and Kim Stark a
pre-deprivation hearing. A state court determined that
probable cause existed to believe that Kayla was at risk of

immediate harm at home with both parents, and held that temporary custody be placed only in Stark, not in Jensen. The state court later dismissed the neglect petition against Jensen and Stark and allowed both parents full custody of their daughter. Plaintiffs brought a federal action against DCFS agents and police officers alleging a violation of the Fourth and Fourteenth Amendments to the United States Constitution. The district court found the action barred by the *Rooker-Feldman* doctrine and dismissed the claim. Although we find that claim preclusion, not *Rooker-Feldman*, bars the action, we affirm the decision of the district court.

## I. Background

Kayla was born to Jensen and Stark on December 28, 2000. Approximately six months earlier, Jensen's former wife reported to DCFS personnel that Jensen had inflicted excessive corporal punishment on his developmentally disabled 13-year-old son by beating him with a belt, causing severe and extensive bruising. DCFS investigated the report and classified it as "indicated" pursuant to the Abused and Neglected Child Reporting Act ("ANCA" or the "Act"). According to the Act, a report is indicated when DCFS investigates an allegation of child abuse and finds that credible evidence exists supporting the claim. 325 Ill. Comp. Stat. 5/3, 5/7.12 (2002).

At some point during the weeks following Kayla's birth, Sherree Foley, a DCFS Child Protection Investigator ("CPI") learned that an infant was born to Jensen and reported to the DCFS "hotline" that the baby was at immediate risk of harm in light of the indicated abuse report. On January 19, 2001, Heather Forrest, another CPI, along with two police officers from the village of Rantoul, went to Jensen and Stark's home without a court order or warrant and removed Kayla from her parents' custody. Jensen and Stark were not granted a pre-deprivation hearing. After the officers re-

moved Kayla from her home, a doctor examined her and found her to be in good health and without physical evidence of abuse. Two business days later, the circuit court of Illinois held a temporary custody hearing and found that probable cause existed to believe that Kayla was neglected as a result of her father's inability to control his anger toward his children, and that it was a matter of "immediate and urgent necessity" to remove her from Jensen's custody. According to the state court, the officers acted appropriately when they removed Kayla from her parents' custody.

In February 2001, plaintiffs filed a §1983 complaint in federal court alleging that the DCFS agents and local officers violated their Fourth and Fourteenth amendment rights. They amended that complaint in June 2001. Both the state and the village defendants filed motions to dismiss arguing that the court lacked jurisdiction under the *Rooker-Feldman* doctrine, that plaintiffs failed to state a claim, and that they were entitled to qualified immunity. A magistrate judge concluded that the claim was barred by *Rooker-Feldman*. On November 7, 2001, the district court adopted the magistrate's finding that the doctrine barred the court from hearing the case and granted the defendants' motions to dismiss.

On July 16, 2001, the state court dismissed the neglect petition against Stark and Jensen and granted both parents full custody of Kayla.

## II.  Discussion

So long as a post-deprivation hearing is held within 2 business days of removal, DCFS agents constitutionally may remove a child from her home and family without a pre-deprivation hearing if they are acting pursuant to a court order, if the taking is supported by probable cause to believe that the child would be subject to the danger of abuse if not removed, or if exigent circumstances require

them to do so. *Brokaw v. Mercer County*, 235 F.3d 1000, 1010 (7th Cir. 2000) (internal cites omitted). It is undisputed that the defendants were not acting pursuant to a court order when they removed Kayla from her parents' custody. Plaintiffs contend that the facts in this case—namely, the indicated report against Jensen—constitute neither probable cause nor exigent circumstances. Therefore, they argue, the taking of Kayla violated their Fourth and Fourteenth Amendment rights. This question is both difficult and sensitive. We need not—in fact may not—reach it today, however, because it is barred by the doctrine of issue preclusion.

The district court dismissed the case, holding that the *Rooker-Feldman* doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), barred the plaintiffs' allegations. That doctrine, however, does not apply to this case; issue preclusion does. Preclusion and *Rooker-Feldman* both "define the respect one court owes to an earlier judgment. But the two are not coextensive." *GASH Assoc. v. Village of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993). The *Rooker-Feldman* doctrine, generally speaking, bars a plaintiff from bringing a §1983 suit to remedy an injury *inflicted by* the state court's decision. *Durgins v. City of East St. Louis*, 272 F.3d 841 (7th Cir. 2001). That plaintiff must pursue remedies through the state system until it seeks certiorari from the Supreme Court of the United States. When the doctrine applies, "there is no federal jurisdiction and a dismissal is not on the merits." *Id.* at 844. Preclusion, on the other hand, applies when a federal plaintiff complains of an injury that was not caused by the state court, but which the state court has previously failed to rectify. *Id.* A case barred by preclusion is dismissed on the merits. Because the injury that the plaintiffs here complain of was caused not by the state court's temporary custody order, but by the underlying taking of Kayla by the

DCFS agents and local officers, this suit implicates the preclusion doctrine, not *Rooker-Feldman*.

Although we disagree with the district court on the grounds for granting the motions to dismiss, we agree that the state court's probable cause determination prevents us from reaching the merits of the case.

Under the Illinois Juvenile Court Act, a court holding a temporary custody hearing must make three findings before ordering removal (or, in the case of a post-removal hearing held within 48 hours of the taking, before ordering that protective custody continue): first, that probable cause exists to believe that the child is neglected; second, that removal is of immediate and urgent necessity; and third, that DCFS has made reasonable efforts to prevent removal of the child, or has a valid reason for not doing so. 705 Ill. Comp. Stat. 405/2-10(2)(2002); *In re Patricia S.*, 584 N.E.2d 270 (Ill.App.) (1991). At Kayla's temporary custody hearing, the state court followed the above format and determined that upon considering the indicated report that Jensen imposed excessive physical abuse on his son and the fact that Stark did not stop him from doing so, probable cause existed to believe that Kayla was at risk of physical harm in her home. The court also found that keeping Kayla out of her father's custody was a matter of immediate and urgent necessity, and that no efforts reasonably could have been made to avoid Kayla's removal from her home. Because Kayla was not in her parents' custody during the time period between her removal and the post-deprivation hearing, the court must have based its probable cause finding on actions that took place prior to that removal. *See Donald v. Polk County*, 836 F.2d 376, 384-85 (7th Cir. 1988). Therefore, "the state court's determination that probable cause to hold [Kayla] existed on [the date of the hearing] necessarily implied that probable cause must also have existed on [the date of the removal]." *Id.* at 385. The court returned custody to Stark after the hearing but granted Jensen only supervised visitation.

Although the state court determined that Kayla's temporary protective custody complied with Illinois law, and the plaintiffs now complain that the officers who removed Kayla violated the U.S. Constitution, the issue of probable cause at the time of the taking is controlling in both cases. The constitutional claims that plaintiffs brought to federal district court could succeed only if *no* probable cause existed. *Brokaw*, 235 F.3d at 1010. Because the state court held otherwise, we are barred by the doctrine of issue preclusion from reconsidering the issue.

Issue preclusion prevents a party from relitigating an issue that it has previously litigated and lost. *Donald*, 836 F.2d at 381. Federal courts must give state court judgments the same preclusive effect "as would a court in the rendering state." *Id.* at 382. That is, we look to the preclusion law of Illinois. In Illinois, issue preclusion applies when, in two consecutive cases, the same controlling issue or fact material to the determination is at stake, and that issue was adjudicated against a party in the first suit. *Nowak v. St. Rita High School*, 757 N.E.2d 471 (Ill. 2001). Threshold requirements include identity of issue, identity of party against whom estoppel is asserted, and a final judgment on the merits. *Id.*

Because the issue of probable cause at the time of Kayla's removal was controlling and material in the temporary custody order and was adjudicated against the plaintiffs, we hold that they are barred from raising the issue again in this case. Identity of both issue and party is clear. Plaintiffs make an effort to argue that because the state court's final decision in the matter was to grant custody to both parents, the temporary order was not final or appealable. We do not agree. The issue of probable cause at the time of Kayla's removal was determined conclusively at the custody hearing on January 23, 2001. Plaintiffs could have sought leave to appeal the temporary custody order, Ill. S.Ct. R. 306(a)(5), or moved to modify or vacate the order. 705 Ill. Comp. Stat.

405/2-10(9). They did not do so. Six months later, after plaintiffs brought and amended their federal complaint, the Illinois court rendered a decision as to the parents' custodial rights in favor of both Stark and Jensen. Although the court found that the neglect petition against plaintiffs was not proven and returned Kayla to their full custody, probable cause to believe that Kayla was at risk of harm *when the agents removed her* was not at issue at that point; it began and ended with the temporary custody hearing. Plaintiffs may not now relitigate the issue of probable cause after the state court has conclusively ruled against them. *Donald*, 836 F.2d at 385; *Lossman v. Pekarske*, 707 F.2d 288, 291 (7th Cir. 1983).

For the reasons stated herein, we AFFIRM the decision of the district court.

A true Copy:

Teste:

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*