In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-2756

JOSEPH M. GAMBINO, as Independent Administrator of the
Estate of Joseph J. Gambino Deceased,

*Plaintiff -Appellee,*

*v.*

DENNIS D. KOONCE,

*Defendant -Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 11-CV-07379 — **Joan Humphrey Lefkow**, *Judge.*

ARGUED MARCH 31, 2014 — DECIDED JULY 2, 2014

Before WOOD, *Chief Judge*, and WILLIAMS and HAMILTON,
*Circuit Judges*.

WILLIAMS, *Circuit Judge*. The decedent, Joseph J. Gam-
bino,[1] alleged in a state lawsuit to clear his title to three

---

[1] After Joseph J. Gambino died, Joseph M. Gambino continued the suit.
Joseph J. Gambino and Joseph M. Gambino will be referred to inter-
changeably as "Gambino."

properties that various defendants, including Dennis Koonce, used forged deeds and other fraudulent documents to improperly gain title to the properties he owned. The Illinois state trial court found that Koonce acted with fraud and malice and ordered him to pay compensatory and punitive damages. After the state appellate court affirmed the state trial court's rulings, but before Koonce satisfied the Illinois state court's judgment, Koonce filed for bankruptcy. As part of the bankruptcy proceedings, Gambino filed an adversary action against Koonce, seeking to have the state judgment declared nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6). The bankruptcy court agreed with Gambino, finding that he conclusively established that Koonce's debt was nondischargeable and that Koonce was collaterally estopped from relitigating the issue of his intent. The district court affirmed the bankruptcy court's determination and ruled that Gambino's motion for judgment on the pleadings should be granted.

Koonce now appeals, arguing that the issue of his fraudulent intent was not actually litigated in state court. We disagree. Whether he acted with fraud was raised, litigated, and ruled on in state court. Second, he claims that the finding of fraudulent intent is not necessary to the slander of title action or in assessing punitive damages, but we disagree because the state court could not have decided if Koonce slandered Gambino's title or assessed punitive damages without first deciding whether he did so with fraudulent intent. Finally, we reject his argument that a hearing in the bankruptcy court was necessary to determine whether the punitive damage award reflected the amount actually obtained by the fraud or constituted a penalty imposed by the court caused

by the fraud because it was not raised below. Therefore, we affirm the district court's judgment.

## I. BACKGROUND

Joseph J. Gambino filed suit in Illinois state court seeking to quiet title to three parcels of real estate and to recover damages for slander of title against a number of individuals and entities, including Dennis Koonce and two companies Koonce owned. Gambino alleged that Koonce, along with others, used forged deeds and other fraudulent documents to obtain title to three of Gambino's properties and, with malice, slandered Gambino's titles.

The case went to trial in the fall of 2007. The court found that the deeds conveying title to the three parcels of land were forged by the defendants, that Koonce and his compatriots slandered Gambino's title to the properties, and that title rested with Gambino. The court ordered Koonce to pay Gambino $595,574 in compensatory damages and $500,000 in punitive damages. Koonce appealed the state court's decision, and the appellate court affirmed the trial court's ruling.

On the quiet title counts, the appellate court rejected Koonce's argument that the trial court did not make the required finding of intent to defraud. The appellate court stated that "there was ample evidence of Koonce's intent to defraud by the use of forged documents." The appellate court also found that the trial court's finding of Koonce's malice to support the slander of title counts was not against the manifest weight of the evidence. Koonce argued that punitive damages should not have been awarded because there was "no evidence to support a finding of malice beyond that necessary for a finding of liability on the tort of slander of title

itself." The appellate court rejected this argument and stated that the harm Koonce inflicted "was the result of intentional malice, trickery, and deceit."

In October 2009, Koonce filed for bankruptcy. Gambino opposed the petition and sought a determination as to whether, under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6), Koonce's debt arising from the state court judgment could be discharged. Under § 523(a)(2)(A), a debtor's debt may not be discharged if the debt was for money and property obtained by false pretenses, false representations, or actual fraud. *McClellan v. Cantrell*, 217 F.3d 890, 892 (7th Cir. 2000). Under § 523(a)(6), a debtor's debt may not be discharged if he willfully and maliciously injured the plaintiff or the plaintiff's property. *Jendusa-Nicolai v. Larsen*, 677 F.3d 320, 321 (7th Cir. 2012).

Gambino alleged that Koonce engaged in a fraud to divest him of ownership of certain real estate through forgery, misrepresentation, and other fraudulent conduct. Gambino incorporated the state trial court's judgment orders and findings of fact as well as the appellate court's opinion affirming these orders in his adversary complaint. Gambino sought summary judgment on the adversary complaint, arguing that the state court's findings of fact conclusively established that the debt was nondischargeable under §§ 523(a)(2)(A) and (a)(6) and that Koonce was collaterally estopped from relitigating those issues.

The bankruptcy court denied Gambino's motion for summary judgment and set a date for trial. Gambino filed a motion in limine, which the bankruptcy court granted on July 13, 2011, to bar Koonce from introducing evidence or testimony disputing the issues and findings of fact from the

state court proceeding. The bankruptcy court concluded that the requirements for collateral estoppel were met because the state trial court's decision on punitive damages necessarily included a finding that Koonce acted intentionally and maliciously. After Gambino filed a motion for judgment on the pleadings, the bankruptcy court found that the state court judgment of $594,574 in compensatory damages and $500,000 in punitive damages was a nondischargeable debt.

Koonce appealed the bankruptcy court's decision prohibiting him from introducing evidence about fraudulent intent and its judgment on the pleadings to the district court. The district court affirmed the bankruptcy court's orders, holding that Koonce was collaterally estopped from raising the issue of his fraudulent intent in bankruptcy court. Koonce now appeals.

## II. ANALYSIS

Koonce seeks reversal of the district court's affirmance of the bankruptcy court's order granting Gambino judgment on the pleadings. This court reviews a district court's adjudication of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) de novo and draws all reasonable inferences in favor of the nonmoving party. *Gustafson v. Jones*, 117 F.3d 1015, 1017 (7th Cir. 1997). "Whether the issue of intent was litigated and resolved in the state court action, as required for application of collateral estoppel, is a question of law" reviewed de novo. *In re Davis*, 638 F.3d 549, 553 (7th Cir. 2011). Collateral estoppel bars relitigation of issues determined in prior court actions and applies to discharge exception proceedings under § 523(a). *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991). "Federal courts must give state court judgments the same preclusive effect as a

court in the rendering state, applying that state's law." *Jensen v. Foley*, 295 F.3d 745, 748 (7th Cir. 2002) (internal quotation marks omitted). Therefore, the law of Illinois determines the extent to which the state court decision should be given preclusive effect. 28 U.S.C. § 1738; *PaineWebber, Inc. v. Farnam*, 870 F.2d 1286, 1290 (7th Cir. 1989).

Under Illinois law, collateral estoppel requires that "(1) the issues decided in the prior adjudication are identical to issues presented for adjudication in the current proceeding; (2) there be a final judgment on the merits; and (3) the party against whom estoppel is asserted was a party or in privity with a party in the prior action." *Am. Family Mut. Ins. Co. v. Savickas*, 739 N.E.2d 445, 451 (Ill. 2000). In addition, "the party sought to be bound must actually have litigated the issue in the first suit and a decision on the issue must have been necessary to the judgment in the first litigation." *Id.*

## A. Fraudulent Intent Litigated in Slander of Title Action

Koonce argues that the issue of whether he acted with fraudulent intent was not actually litigated in the state court proceedings. "[A]ctually litigated does not mean thoroughly litigated, but only that the parties disputed the issue and the trier of fact resolved it." *Harmon v. Gordon*, 712 F.3d 1044, 1055 n.4 (7th Cir. 2013) (quoting *Taylor v. Peoples Gas Light & Coke Co.*, 656 N.E.2d 134, 141 (Ill. App. Ct. 1995)). It can be satisfied even if "only a slight amount of evidence was presented on the disputed matter decided in the first suit." *Id*; *see also In re Catt*, 368 F.3d 789, 792 (7th Cir. 2004).

Koonce's argument fails because the issue of his fraudulent intent was actually litigated. Gambino sued Koonce to

quiet title to three parcels of real estate and to recover damages for slander of title. In order to determine whether Koonce slandered Gambino's title, the state court had to inquire into his intent. To prove that Koonce slandered Gambino's title, Gambino had to prove that: (1) Koonce made a false and malicious publication; (2) the publication disparaged Gambino's title to his property; (3) Gambino suffered damages due to the publication; and (4) Koonce acted with malice. *See Chi. Title & Trust Co. v. Levine*, 789 N.E.2d 769, 772 (Ill. App. Ct. 2002). Gambino could prove that Koonce acted with malice if he showed that Koonce knew that the disparaging statements were false or had serious doubts as to the truth of the slandering documents. *Id*.

Not only was the issue of Koonce's intent raised before the state court, it is clear from the short state trial transcript excerpt that Koonce submitted that both parties discussed the issue. Gambino alleged Koonce acted with malice when he used forged and fraudulent documents to slander Gambino's property titles and Koonce tried to refute the allegation in court. Koonce's attorney asked Koonce about a residential loan application that he submitted on which Koonce stated that he owned two of the properties at issue. Koonce admitted that he did not own the two properties when he submitted the loan application, and tried to explain why he represented to a financial institution that he owned the properties when in fact he did not. Based, in part, on this testimony, the court made a finding of fact that Koonce submitted fabricated documents, including fabricated trust agreements and leases, to a financial institution. The court concluded not only did Koonce act with malice when he slandered Gambino's title, but that fraud was the only reasonable explanation for why he submitted numerous forged and

fabricated documents. The state trial transcript demonstrates that he was allowed to testify as to why he took certain actions, which goes to Koonce's intent and state of mind. Because Koonce and Gambino disputed whether Koonce acted with fraudulent intent and the state trial court found that he did, the district court did not err when it found that this issue was previously litigated in state court.

### B. Finding of Fraud Necessary to Slander of Title Action and Punitive Damages

Next, Koonce argues that the issue of whether he had fraudulent intent was not necessary to the state court's determination that he slandered Gambino's title or the imposition of punitive damages. For collateral estoppel to apply, a decision on the issue must have been necessary for the judgment in the first litigation, and the person to be bound must have actually litigated the issue in the first suit. *Savickas*, 739 N.E.2d at 451.

Koonce argues that the intent element of "malice" for a slander of title claim is not identical to the intent element of actual fraud in § 523(a)(2)(A) and that a finding of fraud is not necessary to award punitive damages because the award can be granted on lesser grounds. He reasons that the intent element of fraud is not a necessary element of a slander of title claim or the punitive damages award. Koonce incorrectly conceptualizes what makes an element necessary. An issue is necessary if it is required to reach a judgment in the first case. *Savickas*, 739 N.E.2d at 451 (stating that a determination of defendant's mental state was necessary to his conviction); *see also Taylor*, 656 N.E.2d at 139 ("[Issue preclusion] operates to preclude relitigation of an issue that has been

fairly, completely, and necessarily resolved in a prior proceeding.").

Here, the issue of Koonce's fraudulent intent formed the basis of the state court's decision. Although slander of title requires a showing of malice, which could include recklessness, *see Levine*, 789 N.E.2d at 772, and punitive damages requires showing the defendant was grossly negligent, *see Slovinski v. Elliot*, 927 N.E.2d 1221, 1225 (Ill. 2010), the state trial court did not rely only on a finding of recklessness or gross negligence in reaching its decision. In determining whether Koonce slandered Gambino's title and whether he should pay punitive damages, the court found that Koonce acted fraudulently and with malice. These findings formed the basis of the court's imposition of punitive damages and support for the slander of title counts. Moreover, as we explained, the issue of Koonce's intent was litigated in state court. Therefore, the district court did not err when it found that Koonce's fraudulent intent was necessary for the judgment.

Finally, Koonce argues that the bankruptcy court erred in denying him a hearing to determine whether the punitive damage award reflected the amount actually obtained by the fraud or constituted a penalty imposed by the court because of the fraud. However, this issue was not raised before the district court. Therefore it is waived. *Wellness Int'l Network, Ltd. v. Sharif*, 727 F.3d 751, 781 (7th Cir. 2013).

## III. CONCLUSION

The judgment of the district court is AFFIRMED.