In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 21-3172

CREATION SUPPLY, INC.,

*Plaintiff-Appellant,*

*v.*

SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14-cv-08856 — **Charles P. Kocoras**, *Judge.*

_____

ARGUED SEPTEMBER 9, 2022 — DECIDED OCTOBER 19, 2022

_____

Before ROVNER, HAMILTON, and SCUDDER, *Circuit Judges.*

SCUDDER, *Circuit Judge.* Creation Supply, Inc., and its insurer, Selective Insurance Company, come before us for the second time in as many years to resolve yet another dispute arising out of a decade's worth of lawsuits. This protracted litigation began in 2012 when Selective Insurance refused to defend Creation Supply against an intellectual-property lawsuit. Since then the parties have battled it out across state and federal court on virtually every ground possible: complaints

have been amended; causes of action have been dismissed and reserved; motions have been filed and opposed; and judgments have been awarded, appealed, affirmed, vacated, and modified. It has been clear since 2015 that Selective Insurance owed Creation Supply a duty to defend and that Selective breached that duty. Little more in this case is clear.

The multiple rounds of litigation have resulted in a peculiar situation best described as damages splitting: Creation Supply established Selective's breach of its duty to defend and won some damages in state court. It now seeks additional damages in federal court under a different theory. Selective Insurance objects, saying that the doctrines of claim and issue preclusion bar Creation Supply's federal lawsuit. The district court agreed. But while that might have been the case under ordinary circumstances, this case is far from ordinary. An Illinois state court expressly reserved Creation Supply's right to file this claim in federal court, so Creation Supply's suit is not precluded by its earlier state-court litigation. In the end, we reverse—but in doing so, we emphasize that this case is, and hopefully will remain, an anomaly.

**I**

A

Creation Supply is a producer of markers (the kind you write with). In 2012 one of its competitors sued it for trademark violations. Creation Supply requested that Selective Insurance provide coverage, but Selective refused, denying that it owed a duty to defend. Creation Supply entered into a settlement agreement with its competitor in late 2013, the terms of which prevented Creation Supply from selling one of its

primary lines of markers. Following the settlement, Creation Supply lost much of its business and struggled financially.

At no point did Selective Insurance ever provide coverage for Creation Supply's legal defense. Instead, it went on the offensive and sought a declaration in Illinois state court that it owed Creation Supply no duty to defend. Creation Supply countersued, seeking its own declaration that Selective *did* owe a duty to defend. Creation Supply also alleged (in a separate breach-of-contract count) that Selective's failure to defend amounted to a breach of the insurance policy.

After multiple summary judgment motions, the Illinois circuit court entered partial summary judgment for Creation Supply on its duty-to-defend claim. Along with the court's determination that Selective Insurance owed Creation Supply a duty to defend came incidental relief pursuant to Illinois's declaratory-judgment statute. See 735 ILCS 5/2-701(c) (2016).

On appeal the Illinois appellate court established that the statute limited incidental relief to fees Creation Supply had incurred before the original trademark litigation settled. Also left out of the incidental-relief award were any consequential damages flowing from Selective Insurance's refusal to defend Creation Supply. The Illinois circuit court finalized the award of incidental relief in October 2017.

Now rewind three years. In 2014—in the middle of the state-court litigation on the duty-to-defend question—Creation Supply filed suit against Selective Insurance in federal court. Creation Supply advanced both a claim for breach of contract and a claim under section 155 of the Illinois Insurance Code for vexatious and unreasonable conduct on Selective's part.

Pause here and recognize the practical reality at this point in time: Creation Supply, which had already obtained a judgment that Selective Insurance had breached its duty to defend under the insurance policy, sought to litigate some of the damages flowing from this singular breach in state court and others in federal court. In fact, Creation Supply was for a time litigating the same damages in both state and federal court. When it filed its breach-of-contract claim in federal court, Creation Supply's breach-of-contract claim was still alive in state court. Only two years later, in 2016, did Creation Supply request to voluntarily dismiss its state-court breach-of-contract claim with leave to refile.

The Illinois circuit court granted the motion, dismissing the claim and, importantly, expressly reserving Creation Supply's right to maintain its federal action on its breach-of-contract claim. For its part, Selective Insurance did not object to either Creation Supply's motion or the court's express reservation of the right to pursue the claim in federal court.

The state court litigation ended with the 2017 award of incidental relief to Creation Supply. But litigation in federal court marched on. In time the district court granted Creation Supply's motion for partial summary judgment on the question of insurance coverage under the policy in question. The district court then conducted a bench trial on the section 155 claim (alleging that Selective Insurance engaged in vexatious and unreasonable conduct) and found for Creation Supply, awarding nearly $3 million in damages on the section 155 claim alone. At that time, the district court did not reach the question of damages under Creation Supply's breach-of-contract claim.

On appeal we reversed and remanded with instructions to the district court to resolve the remaining issue of contract damages. See *Creation Supply, Inc. v. Selective Ins. Co. of the Southeast*, 995 F.3d 576, 578, 583 (7th Cir. 2021).

B

Instead of resolving this lone outstanding issue, however, the parties raised new disputes, leading to this second appeal. Following our remand, Creation Supply sought to amend its complaint to seek punitive damages. The district court denied the request, concluding that amendment would cause undue delay and prejudice.

Selective Insurance then invoked Federal Rule of Civil Procedure 12(c) and moved for judgment on the pleadings, contending that the doctrines of claim and issue preclusion barred Creation Supply's remaining contract claim. The district court agreed and entered judgment for Selective. First, the court looked back at our 2021 opinion, which recognized that the Illinois state courts had resolved the question of Selective's duty to defend and the incidental damages that followed. The district court then observed that the Illinois courts had entered "a final judgment as to both liability and damages" when deciding the duty-to-defend claim. And because both the duty-to-defend claim and the breach-of-contract claim arose out of the same set of operative facts—the insurance policy issued by Selective and the original trademark litigation—the district court concluded that Creation Supply's federal breach-of-contract claim was precluded. In reaching this conclusion, the district court disregarded the state court's express reservation of Creation Supply's right to refile its breach-of-contract claim in federal court, reasoning that the reservation had "fallen out of the case" because Creation

Supply (after receiving the reservation) continued to litigate its duty-to-defend claim in state court.

Creation Supply now appeals, challenging both the district court's entry of judgment on the pleadings and its denial of the company's request to seek punitive damages.

## II

Selective Insurance relies on the doctrines of claim and issue preclusion to defend against Creation Supply's federal breach-of-contract claim. In assessing the district court's ruling, we conduct an independent review of these legal doctrines and how they apply in this case. See *Valbruna Slater Steel Corp. v. Joslyn Mfg. Co.*, 934 F.3d 553, 560 (7th Cir. 2019). And because we are determining the preclusive effect of judgments of Illinois state courts, we apply Illinois law. See *id.* (claim preclusion); *Jensen v. Foley*, 295 F.3d 745, 748 (7th Cir. 2002) (issue preclusion); see also 28 U.S.C. § 1738 (requiring that subsequent courts afford full faith and credit to state-court decisions).

### A

We begin with Selective Insurance's contention that the doctrine of claim preclusion bars Creation Supply's federal suit. At a high level, the doctrine prevents a party from repeatedly litigating the same cause of action against the same party. Three requirements must ordinarily be met for claim preclusion to apply based on an Illinois state-court judgment: *First*, a court with proper jurisdiction must have issued a final judgment on the merits. *Second*, the claims in the two actions must be the same. *Third*, the parties in the second action must be the same as (or in privity with) those from the first. See *Cooney v. Rossiter*, 986 N.E.2d 618, 621 (Ill. 2012).

But Illinois law also recognizes an exception—a circumstance where the doctrine of claim preclusion does not apply. Illinois courts have adopted the approach recognized in the Restatement (Second) of Judgments, which permits an action that would otherwise be barred by claim preclusion if "[t]he court in the first action expressly reserved the plaintiff's right to maintain the second action." *Green v. Nw. Cmty. Hosp.*, 928 N.E.2d 550, 554 (Ill. App. 2010) (quoting Restatement (Second) of Judgments § 26(1)(b) (Am. L. Inst. 1982)). That is exactly what the Illinois circuit court did here when it stated that "[Creation Supply]'s rights are expressly reserved to maintain its action against Selective in Federal Court regarding claims of breach of contract and violation of Section 155 of the Illinois Insurance Code." Because the Illinois court expressly reserved Creation Supply's claims, it does not matter whether the usual elements of claim preclusion are met. The doctrine does not apply.

Selective Insurance points us to two Illinois Supreme Court decisions that it says require us to ignore the express-reservation exception when a plaintiff dismisses some claims but continues to litigate others in the original action (a practice it calls "claim splitting"). In *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199 (Ill. 1996), the Illinois Supreme Court declined to apply the express-reservation exception where some initial claims were dismissed without prejudice, other claims were litigated to final judgment, and the plaintiffs later sought to revive their earlier claims that had been dismissed without prejudice. See *id.* at 1202, 1207. The Illinois Supreme Court charted much the same course in *Hudson v. City of Chicago*, 889 N.E.2d 210 (Ill. 2008), observing that "a plaintiff could not file a complaint with multiple counts, take a voluntary dismissal without prejudice of some of the counts, pursue the

undismissed counts to final judgment, and then harass the defendant with successive suits simply because the dismissals of those counts were entered 'without prejudice.'" *Id.* at 216 n.2 (citing *Rein*, 665 N.E.2d at 1199).

But Selective Insurance overreads these cases. Under Selective's interpretation of *Rein* and *Hudson*, a plaintiff that obtains an express reservation on one claim cannot continue to pursue any remaining live claims—regardless of how little litigation is left on those claims—because doing so would waive the reservation. Illinois courts have not adopted such an expansive view of *Rein* and *Hudson*. Rather, Illinois courts understand those cases to stand for the more limited proposition that a court must *expressly* reserve the plaintiff's rights (rather than merely dismissing without prejudice) for the express-reservation exception to apply. See *Quintas v. Asset Mgmt. Grp.*, 917 N.E.2d 100, 106–07 (Ill. App. 2009); *Green*, 928 N.E.2d at 554–55.

This makes good sense. Selective Insurance's approach would render the state court's decision to reserve Creation Supply's right to maintain its action in federal court a hollow act, signifying nothing. And it would reward Selective for its bait-and-switch tactics of openly agreeing to the reservation in state court and then—after the state-court claim was dismissed—objecting in federal court. We read neither Illinois case law nor the Restatement as countenancing (let alone requiring) this result, which would disregard the judgment of the Illinois circuit court.

But while we do not second-guess that court's decision to expressly reserve Creation Supply's breach-of-contract claim for federal court, we observe that doing so has led to much of this mess. As the district court aptly put it, "[t]here was only

one breach of contract here, even as there exist myriad ways to breach the contract." Creation Supply has not engaged in claim splitting so much as damages splitting—seeking different damages in different courts arising from the same exact breach of an insurance contract. Why Creation Supply did not resolve all its disputes in one forum—especially after receiving a favorable decision on the duty-to-defend question in state court—is beyond us. Still, we must respect and accept the Illinois circuit court's express decision to reserve Creation Supply's breach-of-contract claim for federal court.

B

That takes us to Selective Insurance's argument that, even if Creation Supply's federal breach-of-contract claim is not barred by claim preclusion, it is nevertheless barred by the related doctrine of issue preclusion. In Illinois, "[i]ssue preclusion prevents a party from relitigating an issue that it has previously litigated and lost." *Jensen*, 295 F.3d at 748.

Selective Insurance's position on this front is, at risk of understatement, foggy. As best we can tell, they contend that issue preclusion prevents Creation Supply from bringing any subsequent action in any forum based on Selective's breach of its duty to defend. That reasoning reflects a fundamental misunderstanding of the doctrine and risks conflating claim preclusion with issue preclusion. Issue preclusion does not categorically prevent multiple rounds of litigation in the way that claim preclusion does. Rather, issue preclusion narrows the scope of disputed issues in subsequent lawsuits, preventing parties from relitigating issues that have already been decided. See *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 478 (Ill. 2001) ("Application of the doctrine of collateral estoppel must be narrowly tailored to fit the precise facts and issues that

were clearly determined in the prior judgment."). In some circumstances, this means that issue preclusion can even be used offensively by a party who prevailed in an earlier round of litigation. See *Herzog v. Lexington Township*, 657 N.E.2d 926, 930 (Ill. 1995).

At times, however, Selective Insurance seems to make a different point. They say that because the state courts have already resolved the issue of damages, Creation Supply cannot try to relitigate this issue and get more damages in federal court. This position is at least more consistent with the doctrine of issue preclusion.

But this contention runs into a different obstacle. Yes, an "issue" for issue-preclusion purposes is broader than a "claim"; an issue can be any question of fact or law so long as it was material and controlling to the underlying judgment. See *Nowak*, 757 N.E.2d at 477–78. An issue can include the calculation of damages. See, *e.g.*, *Abramson v. Marderosian*, 119 N.E.3d 1, 12 (Ill. App. 2018). But the issue must still be "*identical*" to that decided in the previous action. *Nowak*, 757 N.E.2d at 478 (emphasis in original). And Selective Insurance's assertion that the Illinois state courts have already resolved the issue of damages conflates incidental relief under Illinois's declaratory-judgment statute with damages that can be recovered in a breach-of-contract suit.

The history of Creation Supply's duty-to-defend claim in state court makes this clear. Having twice reviewed the Illinois court proceedings related to the calculation of the 2017 incidental-relief award, we see no consequential damages factoring into that award—only litigation fees and the like. See *Creation Supply*, 995 F.3d at 581 (contrasting "consequential damages…that arose outside of the policy's purview" with

"damages that arose under the policy"). This matters because it may be possible for Creation Supply to recover consequential damages under a breach-of-contract theory that it could not have recovered as incidental relief under Illinois law. And that is not the only relief Creation Supply was unable to recover under its duty-to-defend claim: the Illinois appellate court specifically excluded certain fees from the scope of the incidental-relief award. The damages calculation that the Illinois courts performed is therefore narrower than the calculation would be in this federal case. Because the issues are not identical, issue preclusion does not apply.

This conclusion also resolves Selective Insurance's related contention that our 2021 opinion established the law of the case on the question of damages. Quite simply, we never resolved the question of contract damages in our prior opinion. To the contrary, we held only that section 155 could not provide a remedy for Creation Supply. Because section 155 damages are different from contract damages, our 2021 opinion does not prevent Creation Supply from seeking the latter.

Do not misunderstand or overread our conclusions. The scope of remaining damages remains unresolved. At oral argument neither party could articulate specific consequential damages to which Creation Supply might be entitled. It may be that there are no damages left for Creation Supply to recover in this standalone breach-of-contract suit. But that is not for us to decide on appeal. We entrust the management of this remaining issue to the district court's sound discretion.

## C

Before closing, we tie up one loose end—Creation Supply's appeal of the district court's denial of leave to amend.

We afford great deference to the district court's decision here. See *Schor v. City of Chicago*, 576 F.3d 775, 780 (7th Cir. 2009). The district court considered several factors before denying leave to amend: trial had been ongoing in federal court for over seven years, discovery had closed and would potentially have to be reopened, Selective Insurance had already relied on Creation Supply's complaint for its litigation strategy, and the delay could slow the court's docket and thus affect other litigants. These considerations, the district court found, made it likely that amendment would cause undue delay and prejudice. We see no abuse of discretion in the district court's reasoning and therefore affirm the denial of leave to amend.

## III

Although this litigation is sure to continue beyond this appeal, the parties would do well to see this case to the finish line sooner rather than later. By our measure, only one issue remains to be resolved—damages under Creation Supply's breach-of-contract claim. We trust that the resolution of that issue will come quickly and bring an end to this saga. For now, though, we REVERSE the district court's entry of judgment on the pleadings, we AFFIRM the denial of leave to amend, and we REMAND the case so the district court can resolve the remaining issue of breach-of-contract damages.