In the

 United States Court of Appeals
 For the Seventh Circuit
 ____________________
Nos. 22-2300 & 22-2311
CREATION SUPPLY, INC.,
 Plaintiff-Appellant,
 v.

GEORGE CHERRIE, DAVID HAHN, and DREW L. BLOCK,
 Defendants-Appellees.
 ____________________

 Appeals from the United States District Court for the
 Northern District of Illinois, Eastern Division.
Nos. 1:21-cv-00529 & 1:19-cv-06063 — Rebecca R. Pallmeyer, Chief Judge.
 ____________________

 ARGUED FEBRUARY 14, 2023 — DECIDED FEBRUARY 27, 2023
 ____________________

 Before ROVNER, KIRSCH, and JACKSON-AKIWUMI, Circuit
Judges.
 KIRSCH, Circuit Judge. Creation Supply, Inc., bought insur-
ance from Selective Insurance Company of the Southeast. Se-
lective denied coverage, and Creation sued for breach of con-
tract and won. But Creation was not satisﬁed with its contrac-
tual damages and pursued costs and fees for Selective’s vexa-
tious and unreasonable delay under section 155 of the Illinois
Insurance Code. 215 ILCS 5/155. As we explained two years
2 Nos. 22-2300 & 22-2311

ago, that remedy was unavailable, Creation Supply, Inc. v. Se-
lective Insurance Co. of the Southeast, 995 F.3d 576 (7th Cir.
2021), although we later noted that other breach-of-contract
damages might yet be. Creation Supply, Inc. v. Selective Insur-
ance Co. of the Southeast, 51 F.4th 759 (7th Cir. 2022). In addition
to its section 155 damages suit, Creation brought these suits
against Selective’s in-house lawyer, the lawyer’s supervisor,
and its outside counsel, alleging that they tortiously inter-
fered with the contract between Selective and Creation.
 Corporations may be people, see 1 U.S.C. § 1, but as legal
ﬁgments, they act in the ﬂesh and blood world through their
agents. In return, those agents are generally shielded from li-
ability by the corporation for acts undertaken on its behalf.
Nation v. Am. Cap., Ltd., 682 F.3d 648, 651–52 (7th Cir. 2012)
(citing HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc., 545
N.E.2d 672, 677 (Ill. 1989)). When a corporation enters a con-
tract, an agent decides that the contract is in the corporation’s
interest and signs her name on the ﬁrm’s behalf. And when a
corporation breaks that same contract, it does so through the
acts of its agents. At all times, though, it is the corporation that
is bound and beneﬁtted by the contract, even though the
agent is indispensable. This pair of suits is an attempt at dou-
ble recovery—one from the principal and one from its
agents—but the corporate form limits, not doubles, liability.
 In Illinois, tortious interference requires some sort of inter-
loper. See Douglas Theater Corp. v. Chicago Title & Tr. Co.,
681 N.E.2d 564, 567 (Ill. App. 5th 1997) (“It is settled law that
a party cannot tortiously interfere with his own contract; the
tortfeasor must be a third party to the contractual relation-
ship.”); see also Fellhauer v. City of Geneva, 568 N.E.2d 870, 878–
79 (Ill. 1991); Webb v. Frawley, 906 F.3d 569, 577 (7th Cir. 2018).
Nos. 22-2300 & 22-2311 3

Creation urges us to discard that rule and let it pursue tort
damages from a counterparty’s agents. Such a suit might nor-
mally be barred by the economic loss doctrine because Crea-
tion could have demanded a lower premium, liquidated dam-
ages, or the like to guard against the possibility that Selec-
tive’s agents would ﬂy oﬀ the handle. See, e.g., Schrieber Foods,
Inc. v. Lei Wang, 651 F.3d 678 (7th Cir. 2011). But Illinois law,
which governs this case, precludes applying the economic
loss doctrine to claims for tortious interference. 2314 Lincoln
Park W. Condo. Ass’n v. Mann, Gin, Ebel & Frazier, Ltd.,
555 N.E.2d 346, 352 (Ill. 1990).
 Illinois does, however, provide a corporation’s agents
with a conditional privilege, rooted in the business judgment
rule, from tortious interference suits. HPI Health Care Servs.,
Inc. v. Mt. Vernon Hosp., Inc., 545 N.E.2d 672, 677 (Ill. 1989). So
long as an agent acts in the corporation’s interests, she is pro-
tected from liability for interfering in her principal’s contrac-
tual aﬀairs. Id. The law places a higher value on having cor-
porations (really, their agents) make decisions in their own
best interests, having taken stock of their potential liability for
any breaches, than it does on a contract creditor’s expectation
of performance. TABFG, LLC v. Pfeil, 746 F.3d 820, 825 (7th Cir.
2014). When an agent interferes with a contract, she is there-
fore presumed to do so for the company’s beneﬁt (given their
aligned interests), and thus lacks the malice necessary to tor-
tiously interfere. Webb, 906 F.3d at 577. The district court dis-
missed Creation’s suits with prejudice on the grounds of that
privilege. The district court alternatively dismissed the suit
against Hahn and Block on the basis of an attorney’s absolute
immunity for conduct undertaken during litigation, but for
reasons to come, we say no more on the issue.
4 Nos. 22-2300 & 22-2311

 On appeal, Creation says it overcame the defendants’ priv-
ilege by alleging that they acted against Selective’s interests—
that they acted in their own interests and contrary to Selec-
tive’s “or engage[d] in conduct totally unrelated or antagonis-
tic to the interest giving rise to the privilege.” Citylink Grp.,
Ltd. v. Hyatt Corp., 729 N.E.2d 869, 877 (Ill. App. 1st 2000). Un-
der Illinois law, overcoming the privilege was Creation’s bur-
den to plead, Fellhauer, 568 N.E.2d at 878, and its failure—
twice, now—to do so with more than mere conclusory allega-
tions as to how it was not in Selective’s interest to deny Crea-
tion’s claim (and then defend that denial) dooms its suit at the
outset. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2006) (“Thread-
bare recitals of the elements of a cause of action, supported by
mere conclusory statements, do not suﬃce.”). In any event,
we fail to see how the defendants’ conduct did not beneﬁt Se-
lective. An insurer’s proﬁtability turns on paying as few
claims as possible. And, thanks to the defendants, Selective
has now vacated a $2.8 million judgment against it and
dragged a simple coverage dispute into its eleventh year of
litigation. Maybe Selective regrets this mess: one of the de-
fendants is no longer with the company. But under the busi-
ness judgment rule, that decision—like whether to deny Cre-
ation’s claim—was Selective’s alone.
 AFFIRMED