Joseph A. WILLIAMS, Plaintiff–
Appellant,

v.

Robert WERLINGER, et al.,
Defendants–Appellees.

No. 14–3746.

United States Court of Appeals,
Seventh Circuit.

Submitted July 22, 2015.

Decided Aug. 5, 2015.

Joseph A. Williams, Forrest City, AR,
Pro Se.

Leslie K. Herje, Attorney, Office of the
United States Attorney, Madison, WI, for
Defendants–Appellees.

Before POSNER, EASTERBROOK,
and SYKES, Circuit Judges.

POSNER, Circuit Judge.

History is rich in searches for the missing. The search for the Holy Grail, for Dr. Livingston, for Roald Amundsen, for Amelia Earhart, for Jimmy Hoffa, for the Fountain of Youth, for the lost continent of Atlantis—and now for Robert Werlinger.

Rule 4(c)(3) of the Federal Rules of Civil Procedure provides that "at the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ." The plaintiff in this case, an inmate of the Oxford Federal Correctional Institution in Oxford, Wisconsin, filed suit against a former warden of the prison, Robert Werlinger, on November 6, 2013, seeking damages for violations of his con-

stitutional rights. (Other defendants are named in the complaint, but it appears that the plaintiff is interested only in obtaining relief against Werlinger.) After screening the complaint pursuant to 28 U.S.C. § 1915A, the district judge allowed the plaintiff to proceed pro se against Werlinger under section 1915, thereby bringing into play the passage we quoted from Fed.R.Civ.P. 4(c)(3) and directing the United States Marshals Service to serve defendant Werlinger.

That directive was issued in June 2014. The Marshals Service replied within days that it couldn't serve Werlinger because he had retired the previous March and left no forwarding address. In August the district court, in the person of magistrate judge Peter Oppeneer, directed the Marshals Service "to make another attempt to serve the defendant. The marshal may attempt to locate defendant Werlinger by contacting the Federal Bureau of Prisons or conducting an Internet search of public records for the defendant's current address or both." The magistrate judge added that the Marshals Service would not have to reveal Werlinger's address to the plaintiff.

That was fine, but we are troubled by the magistrate judge's further statement that "reasonable efforts do not require the marshal to be a private investigator for civil litigants or to use software available only to law enforcement officers to discover addresses for defendants whose whereabouts are not discoverable through public records." In support of this proposition he cited our decision in *Sellers v. United States,* 902 F.2d 598 (7th Cir.1990)—a parallel decision as we'll see—but there is nothing in it to suggest, as the magistrate judge in the present case could be interpreted as suggesting, that a perfunctory public records search is all that is required

to comply with the duty imposed on the Marshals Service by Rule 4(3)(c).

Just two days after the second directive the Service tersely replied: "Please refer back to former [response to direction to serve Werlinger]. Werlinger has retired from FCI Oxford. No forwarding info available. Was not able to locate using internet database searches." Apparently satisfied with the response, the magistrate judge (a different one—Stephen L. Crocker) told the plaintiff that he was now on his own, and gave him a couple of months to find Werlinger through his own efforts, which he wasn't able to do. So in November the district judge dismissed the complaint without prejudice.

The district court should not have accepted the responses of the Marshals Service to the order to serve Werlinger. Not that the Service can be expected to do the impossible. If Werlinger changed his name to Siddhârtha Gautama and is now a monk of a Buddhist temple in Tibet, the Marshals Service probably couldn't find him by efforts proportionate to the importance of finding him; and then the plaintiff would be out of luck. But as should be evident from our opinion in *Sellers v. United States, supra*, 902 F.2d at 602, the Service had to do more than it did to try to find the ex-warden. It is most unlikely that Werlinger has emigrated, turned into a witch's familiar, or otherwise vanished. Probably he still lives in Wisconsin and probably he receives a federal pension— and, if so, the Bureau of Prisons must have a record of it and of the address to which his pension benefits are sent. The Bureau or the prison or both must have Werlinger's personnel records, which would indicate his home address when he was warden. If he has since moved, the real estate agent who handled the sale of his house may know where he moved to. In all likelihood his successor as warden, or members of his staff at the prison,

know his address, whether postal or email. It's shameful that in response to the district court's second directive the Marshals Service gave up looking for Werlinger after just two days. The Marshals are experts at tracking down fugitives. It should be a good deal easier to track down a retired federal prison warden than a master criminal on the lam. It was only three months before the search began that he'd retired. The district judge must apply more pressure to the Service to find him.

All this is not to suggest that the Marshals Service is or should be the primary organ for finding and serving defendants in civil cases. Ordinarily the plaintiff, or his lawyer if he has one (Williams does not), bears the primary responsibility for seeking out the defendant and serving him. Only if diligent efforts by the plaintiff or his lawyer fail to find and serve the defendant should the district court order the Marshals Service to find and serve him. But this case is special because Rule 4(c)(3) provides that the judge *must* order the Marshals Service (or "a person specially appointed by the court," but no such person was appointed) to serve the defendant if the plaintiff is authorized, as he was in this case, to proceed in forma pauperis under 28 U.S.C. § 1915. The district judge issued the order, but didn't follow it up. And when later the magistrate judge prematurely allowed the Marshals Service to abandon the search and told the plaintiff that he would have to find Werlinger on his own if he could, and the plaintiff, being an unrepresented prisoner seeking an elusive quarry, couldn't find him though he tried, the district judge dismissed the case.

The dismissal, being premature, is reversed and the case remanded for further proceedings consistent with this opinion. The running of the statute of limitations shall be tolled, as explained in *Sellers v.*

*United States, supra,* 902 F.2d at 602, while the Marshals Service redoubles its efforts to FIND WERLINGER!