In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-2333

CHARLES SMITH,

*Plaintiff-Appellant,*

*v.*

PAUL ANDERSON,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 cv 2330 — **Charles P. Kocoras**, *Judge.*

ARGUED SEPTEMBER 12, 2017 — DECIDED OCTOBER 31, 2017

Before BAUER, EASTERBROOK, and KANNE, *Circuit Judges.*

KANNE, *Circuit Judge.* Charles Smith, a registered sex of-
fender, was convicted of driving with a revoked license and
sentenced to one year's imprisonment followed by one year's
mandatory supervised release. To begin his supervised re-
leased—often called parole—Smith needed the Illinois De-
partment of Corrections to approve a host site. On his release
date Smith submitted two host sites. At that time, the Depart-
ment had not investigated or approved the proposed sites. A

parole supervisor therefore ordered Smith's parole officer, Paul Anderson, to issue a parole violation report rather than release Smith.

Anderson's parole violation report contained incorrect statements. Principally, the report claimed that electronic monitoring was a condition of Smith's supervised release. It also noted that the Department had attempted to place Smith at a host site that would allow him to comply with the electronic monitoring requirement. Neither statement was accurate.

Smith spent another six months in custody before the Department released him on good-time credit. He sued his parole officer, Paul Anderson, under 42 U.S.C. § 1983 for an alleged violation of the Fourth Amendment. The district court granted Anderson's motion for summary judgment.[1] We affirm.

## I. ANALYSIS

For relief under section 1983, a plaintiff must demonstrate that the defendant is not entitled to qualified immunity. *See, e.g.*, *Werner v. Wall*, 836 F.3d 751, 758–9 (7th Cir. 2016). To do so, the plaintiff must show that the defendant violated a clearly establish statutory or constitutional right. *Id*. Here, Smith cannot demonstrate that Anderson violated a clearly established constitutional right, even when we view the facts in the light most favorable to him.

---

[1] Smith also alleged state-law claims. The district court found that Smith failed to meaningfully assert any of them. Smith did not challenge that ruling in his opening brief, and thus, forfeited those claims. *See, e.g.*, *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Smith brings his 1983 claim for an alleged violation of the Fourth Amendment. He argues that Anderson's parole violation report led the Department to hold him beyond his release date. Because Anderson lacked reasonable suspicion for the facts that formed the basis of his report, Smith insists that the report violated the Fourth Amendment. *See Knox v. Smith*, 342 F.3d 651, 657 (7th Cir. 2003) (noting that the seizure of a parolee without reasonable suspicion could violate the Fourth Amendment).

Qualified immunity bars Smith's claim. No court has held that the Fourth Amendment compels the release of sex offenders who lack lawful and approved living arrangements. *Brown v. Randle*, 847 F.3d 861, 864 (7th Cir. 2017). Thus, when sex offenders lack these arrangements, their continued detention does not violate clearly established rights. In such circumstances, the officers responsible for their detention are entitled to qualified immunity. *Id*.

That is the situation here. Indeed, Illinois law requires the Department to ensure that inmates have proper and approved residences before releasing them on parole. Ill. Admin. Code tit. 20, § 1610.110. It also authorizes the Department to hold inmates until it has approved their living arrangements. *Id*. As of his release date, Department had not approved Smith's host site. Thus, Smith's continued detention did not violate a clearly established right.

Smith insists that the Department had approved his host site. He claims that in the absence of additional conditions imposed by statute or the parole board, an inmate satisfies section 1610.110's approval requirement by submitting any site that allows law enforcement to monitor the parolee. Thus, Smith contends, the Department automatically approved his

site when he submitted his mother's residence and she agreed to host him.

Of course, that cannot be the case. The Department's approval—not the inmate's submission—entitles an inmate to release under the Code. And despite Smith's contentions, the Department's approval is neither mechanical nor automatic. In fact, the Department later denied both of Smith's sites.

## II. CONCLUSION

On Smith's release date, the Department had not approved his host site. Instead of releasing Smith, Anderson submitted a parole violation report. The report contained errors. But because no court has held that the Fourth Amendment requires prisons to release sex offenders who lack lawful and approved places to live, Anderson's incorrect statements—even if baseless—cannot form the basis of liability under section 1983.

AFFIRMED.