NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted January 14, 2019[*]
Decided January 16, 2019

Before

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 17-3412 <br><br> MARTIN J. HOFFMAN, <br>    *Plaintiff-Appellant,* <br><br> *v.* <br><br> JUSTIN WILKS, *et al.,* <br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. <br><br> No. 15 C 50175 <br> Frederick J. Kapala, *Judge.* |

**Order**

Martin Hoffman was convicted in Illinois of sexual abuse of a minor. His effective sentence was about 10 years in prison, to be followed by 18 months' supervised release. Illinois requires sex offenders to live in approved housing during supervised release; a prisoner who does not obtain approval for a housing site must spend the term of supervised release in prison. *Brown v. Randle*, 847 F.3d 861 (7th Cir. 2017), describes Illinois's

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

practices. Hoffman asked the state to approve his residence, while on supervised release, at a location that is within 500 feet of a child-care facility. Illinois law provides that no person convicted of sexual abuse of a minor may live within 500 feet of a child-care facility unless "the property is owned by the child sex offender and was purchased before June 26, 2006." 720 ILCS 5/11-9.3(b-10). After concluding that Hoffman does not own the place where he proposed to live, state officials required him to serve his supervised release within prison walls. In this suit under 42 U.S.C. §1983, Hoffman seeks damages on the theory that, by confining him for too long, defendants violated the Eighth Amendment to the Constitution, applied to the states by the Fourteenth Amendment.

Hoffman's term of supervised release ended in August 2013, and he has been out of prison for more than five years. He seeks damages rather than an injunction or a writ of habeas corpus. Because he seeks damages, the defendants are entitled to assert qualified immunity, which they did. *Brown* holds that personnel who implement Illinois's program are entitled to qualified immunity because no federal court has held that the Illinois approach violates the Constitution, so they have not violated clearly established law. See also *Smith v. Anderson*, 874 F.3d 966 (7th Cir. 2017) (same conclusion in another Illinois case). Cf. *Werner v. Wall*, 836 F.3d 751 (7th Cir. 2016) (same conclusion concerning a similar program in Wisconsin).

Hoffman does not ask us to reconsider these decisions. Indeed, his brief does not mention them. Instead he contends that defendants erred as a matter of Illinois law in concluding that he did not own the property where he proposed to live. Hoffman and his wife Debbie sold their marital home in February 2004. A trust, for which Debbie Hoffman is sole trustee, bought a new home the same day. This is the place where Hoffman proposed to live during his supervised release. State officials recognized that it had been acquired before June 26, 2006, but concluded that a house owned by a trust is not one "owned by the child sex offender" for the purpose of §5/11-9.3(b-10).

Hoffman might have contested this conclusion by giving state officials a copy of the trust. If he is a beneficiary, perhaps defendants would have recognized that he possesses an indirect ownership interest. But Hoffman did not show them a copy of the trust agreement, and he has not introduced it as evidence in this federal suit either. He has pitched his entire position on a contention that, because the new house was purchased in part using proceeds from the sale of the old one, it is "marital property" under 750 ILCS 5/503(a), making him an owner as a matter of law, no matter what the trust says. Defendants rejected this contention, and in this federal suit they defend their decision by contending that §5/503 applies only to proceedings under the Illinois Marriage and Dissolution of Marriage Act and is irrelevant to proceedings under §5/11-9.3(b-10). The

district judge thought it unnecessary to resolve this dispute because defendants are entitled to qualified immunity for taking a debatable position on a legal issue.

All of the decisions the district court cited, however, concern uncertain propositions of *federal* law. The district judge did not cite, and we have not found, any decision holding that persons who make an error of Illinois marital-property law nonetheless are immune from damages. The parties' briefs in this court likewise assume, without apparent authority, that errors of state law are covered by federal immunity doctrines.

A remand to the district court for resolution of the question whether a house purchased with marital funds, but held in the name of someone other than a sex offender, counts as "owned by the child sex offender" under §5/11-9.3(b-10), is not necessary. This is a suit under §1983, which does not enforce state law by deeming a state official's error of state law to be a violation of the federal Constitution. See, e.g., *Snowden v. Hughes*, 321 U.S. 1, 11 (1944) ("Mere violation of a state statute does not infringe the federal Constitution."); *Swarthout v. Cooke*, 562 U.S. 216, 221–22 (2011) (same). A claim under §1983 cannot be used to bootstrap a state-law dispute into federal court, when diversity of citizenship is absent so that 28 U.S.C. §1332 would not supply jurisdiction. See, e.g., *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010).

On the federal-law theory, defendants are entitled to qualified immunity for the reasons given in *Brown* and *Smith*. (Hoffman does not contend that defendants' professed understanding of §5/11-9.3(b-10) is pretextual, so defendants are entitled to the immunity those decisions recognize.) The state-law theory, by contrast, belongs in state court. If defendants are wrong about the meaning of §5/11-9.3(b-10), Hoffman may be entitled to damages as a matter of state law.

The decision of the district court is modified to provide that it is with prejudice on Hoffman's federal-law theory and without prejudice on his state-law theory. As so modified it is

                                                                                          AFFIRMED.