**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2019[*]
Decided May 13, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-2900

| | |
|---|---|
| VALIANT GREEN,<br>　　*Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 17-CV-155 |
| DAVID G. BETH, et al.,<br>　　*Defendants-Appellees.* | William E. Duffin,<br>*Magistrate Judge.* |

**O R D E R**

　　While he was a pretrial detainee at the Kenosha County Detention Center, Valiant Green bit down on a rock in his food and injured his mouth. He sued jail staff and the county sheriff under 42 U.S.C. § 1983, alleging that they exposed him to hazardous food and were deliberately indifferent to his resulting injuries. After dismissing unnamed and unserved defendants from the case, the district court granted the remaining defendants' motion for summary judgment because a reasonable jury

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

could not conclude that the defendants were personally involved in any deprivation of Green's rights. We agree with the district court and affirm the judgment.

We recount the facts and draw reasonable inferences in the light most favorable to Green. *Rosario v. Brawn*, 670 F.3d 816, 820 (7th Cir. 2012). Green was eating rice and beans in the detention center when he bit down on a rock in the food. The rock bent his front tooth, chipped others, injured his gums, and caused him substantial pain. Green reported the incident to jail guards, who in turn reported his injuries to nursing staff. One week later, a nurse examined Green and determined that his gums were not red or swollen and that his teeth appeared intact. The nurse referred Green to a dentist, who noticed that two of Green's teeth were chipped. The dentist offered to extract them, but Green declined. Ultimately, Green left the detention center, served a two-year prison term, and was released in 2016.

When Green found the rock in his food in September 2014, the detention center had numerous policies and practices to ensure food safety. It purchased only "premium quality," triple-washed beans, and it required kitchen staff to wash and inspect the beans before cooking and serving them. In the cafeteria, a civilian cook stood at the end of the food-service line and inspected all trays of food for quantity and contaminants. Additionally, the Kenosha County Division of Health had certified five months earlier that the detention center was "in compliance" with control measures to prevent foodborne illness or injury: the center obtained food from approved sources; the food was in good, safe, unadulterated condition; and the food was secured and protected. Nonetheless, after his incident, Green learned that multiple other inmates also had found foreign objects in their food.

Green sued the sheriff, the kitchen manager, and a sheriff's lieutenant, along with unnamed food vendors and nursing staff—all in their official and individual capacities—for violations of his Fourteenth Amendment rights as a pretrial detainee. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). He alleged that the defendants were deliberately indifferent and negligent with respect to the maintenance of the center's food service and their attention to his medical needs when he was injured. The court authorized Green to proceed in forma pauperis under 28 U.S.C. § 1915, so he was entitled to have the U.S. Marshal or other court appointee effect service for him. FED. R. CIV. P. 4(c)(3); *Williams v. Werlinger*, 795 F.3d 759, 760 (7th Cir. 2015). The court clerk issued summonses for David Beth (the sheriff), Dave Lienau (the kitchen manager), and Brad Heilet (a lieutenant at the jail). No returns of service were filed on the docket; Beth and Lienau answered the complaint, but Heilet never responded.

During discovery, the district court recruited counsel for Green. Beth and Lienau then moved for summary judgment. The district court granted their motion, ruling that Green lacked evidence that would allow a reasonable jury to conclude that either defendant was personally responsible for the rock in Green's food or even that they knew about it or any of the other incidents of contaminated food. And because Green had not inquired about service upon Heilet or moved for a default judgment against him, nor had he amended his complaint to identify the "John Doe" nursing staff or food vendors, the court dismissed those defendants from the case. Green appeals.

We review de novo the entry of summary judgment. *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018). The Fourteenth Amendment governs a state's obligations to pretrial detainees, and we have recently clarified that the standard of care expects more of state actors than the Eighth Amendment's "deliberate indifference" standard. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018); *see also Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2474 (2015). We assess whether a defendant acted purposefully, knowingly, or recklessly, and if so, whether the challenged conduct was objectively unreasonable. *McCann*, 909 F.3d at 886; *Miranda*, 900 F.3d at 354.

Green first argues that summary judgment was inappropriate because he raised genuine disputes of material fact about Beth and Lienau's conduct. But a defendant can be liable under § 1983 only when he is personally responsible for the violation of the plaintiff's constitutional rights, including when the violation occurs at a defendant's direction or with his knowledge or consent. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). Here, Green cannot point to any evidence that either Beth or Lienau was personally involved in inflicting or responding to his injury or knew of any safety risk posed by the jail's food. And because § 1983 does not permit suits against parties merely for their supervision of others, the defendants cannot be held liable for the mishap. *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003).

The district court also correctly entered judgment on Green's claims against the defendants in their official capacities. Green seeks monetary and declaratory relief, but he may not maintain a damages action under § 1983 against state officials in their official capacities, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and a declaratory judgment is appropriate "only when the court's ruling would have an impact on the parties," *Cornucopia Inst. v. U.S. Dep't of Agric.*, 560 F.3d 673, 676 (7th Cir. 2009). Here, Green has left the detention center. A declaration would not affect his rights, so his official-capacity claims must be dismissed.

Next, Green argues that the district court erred in dismissing Heilet and the unnamed nursing staff. As to Heilet, Green does not elaborate why dismissal was inappropriate; regardless, because of Green's lack of prosecution even with the assistance of counsel, the court did not abuse its discretion in dismissing Heilet. *See McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931–32 (7th Cir. 2018). Green also asserts that he provided the names and titles of the unidentified nursing staff in his deposition. But he (again, with counsel) never sought to amend the complaint to name them, despite the district court's extension of the deadline. *See Williams v. Rodriguez*, 509 F.3d 392, 402 (7th Cir. 2007).

Finally, Green does not discuss his state-law negligence claims on appeal, so he has waived any arguments about them. *See Smith v. Anderson*, 874 F.3d 966, 967 n.1 (7th Cir. 2017).

AFFIRMED